UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 15-22929-Civ-COOKE/TORRES**

MARILYN DUCTAN,

    Plaintiff,

v.

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Marilyn Ductan ("Plaintiff" or "Ms. Ductan") filed a Complaint against Defendant The First Liberty Insurance Corporation ("Defendant" or "First Liberty") for Breach of Contract (Count I), Breach of Florida Statute Section 627.70131 (Count II), and Breach of Florida Statute Section 624.155 (Count III). *See generally* Compl., ECF No. 1-2. More specifically, Plaintiff alleges that her residence sustained damages on August 13, 2014, that the damages were covered under an insurance policy issued by Defendant, and that Defendant made partial payment to Plaintiff but has refused to cover the full extent of Plaintiff's loss. *Id.* As a result of Defendant's alleged breach of its insurance contract with Plaintiff, Plaintiff alleges that she has been forced to hire a public adjuster and an attorney, assigning them benefits due under the subject policy. *Id.*

In response, Defendant filed a Motion to Dismiss (ECF No. 5) wherein it argues, in part, that Plaintiff does not have standing to bring these claims because she assigned her rights under the insurance policy to another. After reviewing the parties' arguments, the record, and relevant legal authority, Defendant's Motion to Dismiss is granted.

**I. LEGAL STANDARD**

Standing is a threshold jurisdictional question. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A dismissal for lack of standing

has the same effect as a dismissal for lack of subject matter jurisdiction. *Id*. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On the other hand, factual attacks challenge the existence of subject matter jurisdiction using material outside of the complaint, such as testimony and affidavits. *Id.*

Where, as here, the challenge is facial, a court is "required merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Stalley*, 524 F.3d at 1233 (internal quotation marks omitted). A dismissal for lack of subject matter jurisdiction should be entered without prejudice because it is not a judgment on the merits. *Id.* at 1232.

## II. ANALYSIS

In her Complaint, Plaintiff pleads the following with regard to the benefits due under the subject insurance policy:

> 20. Due to Defendant's breach of the subject policy of insurance, Plaintiff was forced to hire a public adjuster and assigned benefits of the subject claim to Plaintiff's public adjuster.
> 21. As such, payment of the insurance proceeds due under the subject policy of insurance will be made to Plaintiff's public adjuster, making Plaintiff's public adjuster a loss payee who stands in the shoes of Plaintiff.
>
> …
>
> 26. Due to Defendant's conduct, Plaintiff, Marilyn Ductan, assigned benefits of the subject claim to Plaintiff's counsel.
> 27. As such, payment of the insurance proceeds due under the subject policy of insurance will be made to Plaintiff's counsel; making Plaintiff's counsel a loss payee who stands in the shoes

of Plaintiff.

Compl. ¶¶ 20, 21, 26, 27.  Defendant argues that a plain reading of Plaintiff's allegations reveals that Plaintiff has assigned away all of her rights under the insurance contract, thus stripping her of standing to bring this lawsuit.  In response, Plaintiff alleges that she still has standing because she only assigned a portion of the insurance benefits to the public adjuster and her attorney.

A surface reading of the allegations in Plaintiff's Complaint indicates that Plaintiff assigned away her entire interest in the insurance benefits flowing from the claim at issue. While Plaintiff may have meant to only assign a portion of the insurance benefits to the claims adjuster and her attorney, that is not what she plead.  The caselaw makes clear that when a policyholder assigns away her rights under an insurance policy, the policyholder loses standing to bring suit on that policy.  *See Oglesby v. State Farm Mut. Auto Ins. Co.*, 781 So. 2d 469, 470 (Fla. 5th DCA 2001); *see also State Farm Mut. Auto Ins. Co. v. Gonnella*, 677 So. 2d 1355 (Fla. 5th DCA 1996) (holding that an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract so that the assignor has no right to make any claim on the contract once the assignment is complete).  While *Oglesby* involved an assignment of benefits by an insured to a provider of medical services under a personal injury protection insurance policy, its ruling is equally applicable to the situation at hand.  "[O]nly the insured or the medical provider owns the cause of action against the insurer at any one time.  And the one that owns the claim must bring the action if an action is to be brought." *Id.* (internal quotation marks omitted).  Therefore, as Plaintiff's Complaint appears to allege that all benefits under the subject policy have been assigned away, Plaintiff no longer has standing to maintain this action.

### III. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** *without prejudice*.  Plaintiff shall have fourteen (14) days from the date of this Order to amend her Complaint.  In the interim, the Clerk shall *administratively* **CLOSE** this case.  All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*